UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSE MALDONADO, individually and on
behalf of all other employees similarly situated,

                            Plaintiff,                  MEMORANDUM
                                                        AND ORDER

   -against-
                                                             14 CV 4129 (DLI)(RML)

ARCADIA BUSINESS CORPORATION,
et al.,

                             Defendants.
----------------------------------------------------------X

LEVY, United States Magistrate Judge:

Plaintiff José Maldonado, on behalf of himself and all others similarly situated, moves to conditionally certify a collective action under section 216(b) of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219, on his claims for unpaid overtime payments. Plaintiff seeks an order conditionally certifying a class of similarly situated employees and authorizing plaintiff to distribute his proposed notice of lawsuit to the class pursuant to the FLSA.[1] For the reasons stated below, the motion is granted.

## BACKGROUND AND FACTS

Plaintiff filed his complaint on July 3, 2014, alleging that defendants Arcadia Business Corp. ("Arcadia"), Academic Stone Setters, Inc. ("Academic Stone Setters"), Academic Stone Inc. ("Academic Stone" with Academic Stone Setters, "Academic"), Petrillo Stone Corporation, James Donaghy, and Josephine O'Grady (collectively, "defendants") engaged in various unlawful employment practices. (See Complaint, dated July 3, 2014.)

---

[1] A magistrate judge may decide a motion for conditional certification and class notice under the FLSA. See Gortat v. Capala Bros., Inc., No. 07 CV 3629, 2010 WL 1423018, at *1 n.2 (E.D.N.Y. Apr. 9, 2010).

Plaintiff's first claim asserts a cause of action for unpaid overtime under the FLSA. (Id. ¶¶ 94-100.) He now seeks leave to conditionally certify a collective action as to Academic and for the court to authorize the issuance of a notice to all current and former stone setters, stone setter helpers and other employees performing similar duties who have worked for Academic since December 15, 2011.[2] (See Plaintiff's Memorandum of Law in Support of Motion to Conditionally Certify a FLSA Collective Action, dated Dec. 15, 2014, Dkt. No. 29 ("Pl.'s Mem.") at 2, 8-10; Plaintiff's Reply Memorandum, dated Jan. 15, 2015, Dkt. No. 41 ("Pl.'s Reply").)

Plaintiff also seeks an order: (1) directing Academic to give to plaintiff's counsel a list of all members of the defined class, including their names, social security numbers, addresses, telephone numbers, and email addresses; (2) directing Academic to post the notice at their headquarters; (3) authorizing plaintiff to circulate notice to all class members; and (4) allowing similarly situated individuals sixty (60) days to opt into this case. (Pl.'s Mem. at 1-2.)

Plaintiff states that he was employed by Academic as a stone setter and stone setter helper from approximately 2004 to December 2012, and claims that he is owed unpaid overtime for that period. (Declaration of José Maldonado, sworn to Dec. 15, 2014 ("Maldonado Decl.") ¶ 5, annexed as Ex. 1 to the Declaration of Michael Taubenfeld, Esq., dated Dec. 15, 2014 ("Taubenfeld Decl.").) He alleges that he began as a stone setter's helper in 2004 and was promoted to a stone setter in about 2009. (Id.) Plaintiff's duties as a stone setter's helper included "collecting and transporting materials, cleaning up and throwing out garbage from job sites, cutting stone, [and] mixing cement." (Id. ¶ 7.) After he was promoted to a stone setter, his

---

[2] Plaintiff's proposed class originally included porters, but in his reply papers he removed that job title. (Pl.'s Reply.)

2

job duties included "looking for trip hazards on stone and pavement, discovering loose pavement, lifting up and digging out cement, cutting stone, mixing cement, [and] paving." (Id. at 8.)

Plaintiff claims that he worked for Arcadia from December 2011 through March 2012 and that his typical hours from December 2011 to January 2012 were from 5:00 p.m. to 9:00 p.m., but does not state how many days per week during that period. (Maldonado Decl. ¶¶ 42-43.) From January through March 2012 he worked Monday through Friday from 9:00 a.m. to 9:00 p.m. and Saturday and Sunday from 8:00 a.m. to 4:00 or 5:00 p.m. (Id. ¶ 44.) He claims that from March through May 2012 he worked from 6:00 a.m. to 4:00 p.m. (for Academic) and then 5:00 p.m. to 9:00 p.m. (for Arcadia) Monday through Friday and every other Saturday or Sunday or both. (Id. ¶¶ 46-49.) In May 2012, he stopped working for Arcadia and continued to work exclusively for Academic through December 31, 2012 from 7:00 a.m. to 3:00 p.m., but regularly came an hour early to set up and stayed an hour late to clean up. (Id. ¶¶ 52-53.) During that same period, he alleges that approximately four (4) days a week he worked until 7:00 p.m. and regularly worked every other Saturday or Sunday or both. (Id. ¶¶ 53-54.) He states that he was paid a maximum of $130 per day in cash regardless of how many hours he worked and that defendants regularly withheld a flat $70 from his weekly pay for tax purposes, regardless of the number of hours he worked. (Id. ¶¶ 56-60.)

Plaintiff also states that he observed that Academic required other employees to work more than forty hours each week without paying them overtime and provides the names of several employees who told him they were paid in the same daily-rate manner as plaintiff. (Id. ¶¶ 13-16, 64-67; Reply Declaration of José Maldonado, sworn to Jan. 15, 2015 ("Maldonado Reply Decl."), ¶¶ 13-14.)

Plaintiff argues that the two Academic defendants are a single employer. In support of that argument, he alleges that: (1) the two Academic defendants are both owned by defendant Donaghy; (2) the businesses are managed by Donaghy; (3) both businesses are operated out of the same yard; and (4) they have similar pay policies and practices, at least in terms of Saturday payment. (Maldonado Decl. ¶¶ 12-19; Maldonado Reply Decl. ¶¶ 5, 7-10; Oral Argument Transcript, dated Mar. 3, 2015, Dkt. No. 43 ("Tr."), at 21.) He also alleges that, although Academic Stone Setters is a union shop and Academic Stone is not, both union and non-union employees were "improperly paid in cash by [Academic] . . . [and] [a]s with the non-union employees, many of the union employees were not paid overtime." (Maldonado Reply Decl. ¶¶ 6-12.)

Academic opposes the motion, arguing that: (1) plaintiff failed to make a "factual showing that he and other potential plaintiffs were victims of a common policy or plan violative of the law"; and (2) the two Academic defendants are not a single employer. (Memorandum in Opposition, dated Jan. 8, 2015, Dkt. No. 39 ("Academic Opp'n"), at 1.)

## LEGAL STANDARD

The FLSA's collective action provision allows "similarly situated" employees to opt into a named plaintiff's wage claims by signing and filing with the court a consent to joinder. See 29 U.S.C. § 216(b). Courts have discretion under this section to direct defendant employers to disclose the names and contact information of potential plaintiffs and to authorize the sending of "opt-in" collective action notices to those individuals. See Lujan v. Cabana Mgmt., Inc., No. 10 CV 755, 2011 WL 317984, at *3 (E.D.N.Y. Feb. 1, 2011). "[U]nlike class certification under FED. R. CIV. P. 23, no showing of numerosity, typicality, commonality and representativeness need be made for certification of a representative action." Cuzco v. Orion Builders, Inc., 477 F.

4

Supp. 2d 628, 632 (S.D.N.Y. 2007) (citations and internal quotation marks omitted). The standard for conditional collective action certification "is far more lenient, and indeed, materially different, than the standard for granting class certification under FED. R. CIV. P. 23." Hernandez v. Immortal Rise, Inc., No. 11 CV 4360, 2012 WL 4369746, at *2 (E.D.N.Y. Sept. 24, 2012).

"Courts within this Circuit apply a two-step process to determine whether an action should be certified as a FLSA collective action." Id. at *3. Initially, courts examine the pleadings and affidavits to determine whether the potential class members are "similarly situated." Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008) (citing Jacobs v. N.Y. Foundling Hosp., 483 F. Supp. 2d 251, 265 (E.D.N.Y. 2007)). The plaintiff must make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law. This burden is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are similarly situated." Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (internal citations and quotation marks omitted). However, the factual showing "cannot be satisfied simply by 'unsupported assertions.'" Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010). During the second stage, the court conducts a detailed factual inquiry to determine whether the opt-in plaintiffs are indeed similarly situated, and the action may be "decertified" if the record reveals that they are not. Id. The present motion concerns only the first stage of the process.

In order to determine whether two entities should be regarded as a single employer, the court looks to four factors: "(1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership." Murray v. Miner, 74

F.3d 402, 404 (2d Cir. 1996). "[N]o one factor is determinative" and "all four factors are not required." Id.

**DISCUSSION**

I. Motion for Conditional Certification

Academic's arguments raise factual disputes concerning the merits of plaintiff's claims. However, at this preliminary stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007).[3]

In regards to the joint enterprise theory, plaintiff has alleged that: (1) the two Academic defendants are both owned and managed by Donaghy; (2) both businesses are operated out of the same yard; and (3) they have similar pay policies and practices. (Maldonado Decl. ¶¶ 12-19; Maldonado Reply Decl. ¶¶ 5, 7-10.) As to whether other employees are similarly situated, plaintiff provides an affidavit, in which he states that other employees performed similar work to him and were paid in a similar manner. (Maldonado Decl. ¶¶ 13-16, 64-67; Maldonado Reply Decl. ¶¶ 13-14.) Although he was not a stone setter's helper during the relevant limitations period, the duties he allegedly performed as both a stone setter and stone setter's helper overlap. Plaintiff further asserts that, based on his observations and conversations with coworkers, he believes this practice to be widespread as to stone setters, stone setter

---

[3] Defendant O'Grady also argues that plaintiff has failed to meet the minimal burden required for conditional certification (Memorandum of Law in Opposition to Plaintiff's Motion to Certify FLSA Collective Action, dated Dec. 28, 2014, Dkt No. 36), however, plaintiff has dropped O'Grady and Arcadia from the conditional certification motion.

helpers, and other employees with similar job duties. (Maldonado Decl. ¶¶ 64-67; Maldonado Reply Decl. ¶¶ 13-14.)

At oral argument, Academic argued that the proposed class of "stone setters, stone setter helpers, and people performing similar duties," was not sufficiently clear and, essentially, that "for various factual reasons . . . the catchall [phrase]" was inadequate. (Tr. at 25-26.) However, I find plaintiff's sworn statement sufficient to make the modest showing required for conditional certification. Further, I find that the description of "stone setters, stone setters helpers, and employees performing similar duties" is sufficiently clear in the context of the industry. (See Tr. at 23-30.) Academic must therefore provide plaintiff's counsel with a list of all members of the defined class, including their names, addresses, telephone numbers and email addresses. However, plaintiff's request for employees' social security numbers is denied.

II.     Notice of Lawsuit

Courts have "broad discretion to craft appropriate notices" in order to provide employees with "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) (internal citations and quotation marks omitted). Plaintiff has submitted a proposed notice of lawsuit and a consent to join form. (Taubenfeld Decl., Exs. 4, 5.) The court hereby adopts plaintiff's proposed notice forms, subject to the modifications discussed below.

Plaintiff proposes sending the notice to employees who worked for defendants within the three years preceding the commencement of this action. (Id., Ex. 4, at 1.) Although the FLSA imposes a three-year statute of limitations on willful violations, see 29 U.S.C. § 255(a), any notice period generally should be measured from the date of the court's order on

7

the motion for conditional certification, not from the date that the complaint was filed. See Hernandez, 2012 WL 4369746, at *6-7. "[C]ourts have permitted the period of employment to run from three years prior to the commencement of the action, rather than the date of the notice," Marin v. Apple-Metro, Inc., No. 12 CV 5274, 2014 WL 7271591, at *3 (E.D.N.Y. Dec. 18, 2014), only where "defendants would be perversely incentivized to drag out preliminary discovery so as to shorten the pre-filing notice period," Mata–Primitivo v. May Tong Trading Inc., No. 13 CV 2839, 2014 WL 2002884, at *5 (E.D.N.Y. May 15, 2014). No such special circumstances exist here. Therefore, the notice shall be directed to potential opt-in plaintiffs who worked for defendants during the three years preceding the issuance of this order, and the dates on the notice shall be modified accordingly. Additionally, the proposed notice lists Arcadia as an employer to be noticed. As that defendant employer has now been dropped from the conditional class certification motion, its name should also be removed from the notice. Plaintiff's counsel is authorized to send the revised notice, opt-in form, and reminder letter to all class members by first class mail and email. Academic shall post copies of the revised notice at its shop, 2907 119th Street, Flushing, N.Y. 11354, in a location conspicuous to all employees.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for conditional certification of an FLSA collective action, and for court-authorized notice, is granted. Plaintiff's counsel shall modify the notice in accordance with this order and shall electronically file the revised notice within fourteen (14) days. The Academic defendants shall produce a list of the names, addresses, email addresses, and telephone numbers of potential class members to plaintiff's

counsel by the same date. Plaintiff's counsel shall mail the revised notice to all potential plaintiffs no later than ten (10) days following defendants' disclosure of the contact information.

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
April 24, 2015